# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

## APRIL 12, 2023.

On Review from the United States EPA in Case No. 23-1061 and No. 11-1184

### Opening Statement for Petitioners

Sidney T. LEWIS and Yvonne D. LEWIS, Sierra Club, **Petitioners / Relators**

Vs.

Michael Regan, Admin. of the UNITED STATES Environmental Protection Agency [EPA]

Defendant-**Respondent**.

Vs.

Michael Thrift Counsel for Sovereign of the UNITED STATES EPA,]**Ex. Relators**.


STATE OF ILLINOIS, Plaintiffs and Intervening Plaintiffs
Sidney T. LEWIS as Indispensable Parties in "Argyle Park", **Plaintiff- Relators**

v.

Anne M. GORSUCH, et al., Defendant and Intervening **Respondent;**
UNITED STATES Environmental Protection Agency [EPA]


Sidney T. LEWIS as Indispensable Parties in "Argyle Park", Plaintiffs

vs

UNITED STATES Environmental Protection Agency [EPA]


Case No. 23-1061; Case No. 22-5315; No.11-1184; Case No. 81-2295; Case No. 81-2025; Case No. 81-2214 Consolidated; Case No. 12-cv-361; Case No. 12-cv-363; Case No. 19-cv-1660 Related; Case No. 78-1689; Case No. 78-1715; Case No. 78-1734 and No. 78-1899 Related;

No. 81-2025; No. 82-1346; No. 11-1184; No. 12-1254; Nos. 12–1146, 12–1248, 12–1254, 12–1268, 12–1269, 12–1272; No. 15-496, No. 15-499, No. 21-3093 (2nd. Cir., SDNY); No. 23-1061; No. 22-5315; No. 23-1061; No. 81-2214; No. 81-2295;

# TABLE OF CONTENTS

**Page No.**

 STATEMENT REGARDING ORAL ARGUMENTS...........................
TABLE OF CONTENTS .........................................................
TABLE OF AUTHORITIES  ................................................
ABBREVIATIONS IN THIS BRIEF ...........................................
JURISDICTION ...............................................................

> "The Administrative Procedure Act ("APA") requires an agency to provide advance public notice and opportunity for comment when it engages in substantive rulemaking. 5 U.S.C. §§ 553(b), (c) (1976). This requirement **permits interested parties** to criticize the proposed agency action, and allows the agency to benefit from outside suggestions. *See National Tour Brokers Association v. United States,* 591 F.2d 896, 902 (D.C.Cir.1978). The suspension or delayed implementation of a final regulation normally constitutes substantive rulemaking under APA § 553. *See, e.g., Environmental Defense Fund v. Gorsuch,* 713 F.2d 802 at 816 (D.C.Cir.1983); *NRDC v. EPA,* 683 F.2d 752, 761 (3d Cir.1982); *Council of Southern Mountains, Inc. v. Donovan,* 653 F.2d 573, 580 n. 28 (D.C.Cir.1981) (per curiam)."

(EXPLAINED BY: Env't Def. Fund, Inc. v. E.P.A., 716 F.2d 915, pp.920 (D.C. Cir. 1983))

It follows that the petitioners-Lewis herein are **"indispensable parties"** under Title V (5 U.S.C. §§ 553(b)) (see 716 F.2d 915, pp.920; 713 F.2d 802 at 816) .

STATEMENT OF THE ISSUES ON INTERIM REVIEW....................
STATEMENT OF THE ISSUES ON POST APPEAL ..........................

Statutory thresholds of PM10 and PM2.5 as radically expanded in PSD and Title V programs, making them both unadministrable and "unrecognizable) .......................................................

STATEMENT OF THE HAZARDOUS WASTE DUMPING CASE .......

1. STATUTORY AND REGULATORY BACKGROUND ..................

a. The Clean Air Act .....................................................................
    (i). Prevention of Signification Deterioration ...................................
    (ii). The PM10 Regs. [62 FR 38652, July 18, 1997 Double Standard].......
    (iii). The PM2.5 Regs. [62 FR 38652, July 18, 1997 Double Standard].......

2 of 5

(iv). The PM10-2.5 Reg. [88 FR 14920, March 10, 2023 Double Standard]..

"Plaintiff approximates an 18-month long review period by adding together what it considers to be analogous sections of the Act: section 108(a)(2) of the Act gives the EPA one year to issue criteria for newly adopted pollutants; section 109(a) of the 1977 Act gave the Agency 120 days to adopt the original NAAQS; and 60 days are allowed for advance notice in citizen suits under section 304 of the Act…

Relevant to NAAQS revisions are certain key epidemiological studies which suggest that there is a statistical correlation between particulate pollution levels below the current NAAQS and injury to human health and welfare. Further, *there is controversy regarding whether the reported health effects are caused by "course or fine" particles*. The EPA contends that tightening or relaxing PM standards may or may not be appropriate…"

(EXPLAINED BY: American Lung Assn v. Browner, 884 F. Supp. 345, pp.347, notes at 4 & 5 course v. fine PM10-2.5)

b. RCRA ……………………………………………………………………………. 

(i). The Lan Ban Regulations ………………………………………………….
(ii). Permits and Loss of Interim Status……………………………………….

"The fact that RCRA -- like other **remedial statutes** which focus on damage to the environment -- is a **strict liability statute**, and the fact that it also has criminal provisions not at issue here, reflects the gravity of the situation and the depth of congressional concern. Accordingly, it is hard to say that the Government, acting in its sovereign capacity, can ever [completely] bargain away its duty to enforce the laws enacted by Congress for the protection of all."

(EXPLAINED BY: United States v. Allegan Metal Finishing Co., 696 F. Supp. 275,pp.295)

c. The Administrative Procedures Act ……………………………………….
2. The Proceeding Below …………………………………………………………
   (i). The 24 hour, PM10 Regs. [88 FR 5558, Jan. 27, 2023]…………………
   (ii). The 24 hour, PM2.5 Regs. [88 FR 5558, Jan. 27, 2023]……………….

ARGUMENT ……………………...……………………………………………
   ARGUMENT SUMMARY……………...……………………………………

"EPA then announced steps it was taking to "tailor" the PSD program and Title V to greenhouse gases. 75 Fed.Reg. 31514 (hereinafter Tailoring Rule). Those steps were necessary, it said, because the PSD program and Title V were designed to regulate "a relatively small number of large industrial sources," and requiring permits for all sources with greenhouse-gas emissions above the statutory thresholds would radically expand those programs, making them both <u>unadministrable</u> and "<u>unrecognizable</u> to the Congress that designed" them. *Id.,* at 31555, 31562."

(<u>EXPLAINED BY</u>: Util. Air Regulatory Grp. (UARG) v. E.P.A., 134 S. Ct. 2427, pp.2437, 189 L. Ed. 2d 372 (U.S. 2014)); <u>ALSO SEE</u>: **EXHIBIT A, at pg. 4,** Vol. 75 Fed.Reg. 31555 **(June 3, 2010)**( "unrecognizable to the Congress"))

CERTIFICATE OF THE SERVICE ………………………………………
CONCLUSION………………………………………………………………

According to 716 F.2d 915, 918, Administrators, Gorsuch, Hernandez and Regan, lost "interim status", 42 u.s.c 6925 (e)(2), in connection with their non-compliance with strict liability according to Authority in 696 F.Supp. 295, pp. 295.

Regan's march 10, 2023 "Air Quality Redesignation" at <u>Exhibit A</u>, 88 FR 14920 - 14925 is Statutorily barred 42 USC 6925(e)(2).

4-12-23

Yvonne D. Lewis    4-12-23

4 of 5

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing

on Respondents by sending a copy via First

Class Mail to each of the following addresses on this the 12th of April, 2023.

Michael Regan Administrator
U.S. Environmental Protection Agency
EPA Headquarters 1101A
Ariel Rios Building
1200 Pennsylvania Avenue, NW
Washington, DC 20460

Environmental Protection Agency
1101A EPA Headquarters
Ariel Rios Building
1200 Pennsylvania Avenue, NW
Washington, DC 20460

Merrick Garland
Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Michael Thrift
Legal Counsel For
Environmental Protection Agency
1200 Pennsylvania Ave., N. W.
Washington, D.C. 20460

Dave Yost, Ohio Atty. Gen.
Rhodes State Office Tower
30 E. Broad Street
Columbus, OH 43215

**DATED:** April 12, 2023

Yvonne D. Lewis
Yvonne D. Lewis 4-12-23

FILING DEPOSITORY

RECEIVED
U.S. COURT OF APPEALS
FOR THE D.C. CIRCUIT
2023 APR 12 PM 12:44

5 of 5

# CERTIFICATE OF *PARTIES*

I hereby certify that I have served the foregoing *petition For Review*
*Rule 2B,*                    *on* Respondents by sending a copy via First

Class Mail to each of the following addresses on this the *9th* of *April, 2023.*


*Michael Regan* Administrator
U.S. Environmental Protection Agency
EPA Headquarters 1101A
Ariel Rios Building
1200 Pennsylvania Avenue, NW
Washington, DC 20460


Environmental Protection Agency
1101A EPA Headquarters
Ariel Rios Building
1200 Pennsylvania Avenue, NW
Washington, DC 20460


*Merrick Garland*
Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001


*Michael Thrift*
*Legal Counsel For*
*Environmental Protection Agency*
*1200 Pennsylvania Ave., N. W.*
*Washington, D.C. 20460*

*Dave Yost, Ohio Atty. Gen*
*Rhodes State Office Tower*
*30 E. Broad Street*
*Columbus, OH 43215*


**DATED:** *April 9, 2023*


*Yvonne W. Lewis*
*Yvonne D. Lewis 4-12-23*

*Sidney Evans 4-12-23*

FILING DEPOSITORY

2023 APR 12 PM 12:44

RECEIVED
U.S. COURT OF APPEALS
FOR THE D.C. CIRCUIT

*1 of 1*

# UNITED STATES COURT OF APPEALS
## DISTRICT OF COLUMBIA CIRCUIT
333 Constitution Avenue, NW
Washington, DC 20001-2866
Phone: 202-216-7000 | Facsimile: 202-219-8530

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

MAR 1 0 2023

**RECEIVED**

## AGENCY DOCKETING STATEMENT
*Administrative Agency Review Proceedings (To be completed by appellant/petitioner)*

1. CASE NO. 23-1061    2. DATE DOCKETED: ~~Mar 10~~

3. CASE NAME (lead parties only) _____ v. _____

4. TYPE OF CASE: ☑ Review ☐ Appeal ☐ Enforcement ☐ Complaint ☐ Tax Court

5. IS THIS CASE REQUIRED BY STATUTE TO BE EXPEDITED? ☐ Yes ☐ No
   If YES, cite statute _____

6. CASE INFORMATION:
   a. Identify agency whose order is to be reviewed: _____
   b. Give agency docket or order number(s): _____
   c. Give date(s) of order(s): _____
   d. Has a request for rehearing or reconsideration been filed at the agency? ☐ Yes ☐ No
      If so, when was it filled? _____ By whom? _____
      Has the agency acted? ☐ Yes ☐ No If so, when? _____
   e. Identify the basis of appellant's/petitioner's claim of standing. See D.C. Cir. Rule 15(c)(2):
      _____
      _____

   f. Are any other cases involving the same underlying agency order pending in this Court or any other?
      ☐ Yes ☐ No If YES, identify case name(s), docket number(s), and court(s)

   g. Are any other cases, to counsel's knowledge, pending before the agency, this Court, another Circuit
      Court, or the Supreme Court which involve *substantially the same issues* as the instant case presents?
      ☐ Yes ☐ No If YES, give case name(s) and number(s) of these cases and identify court/agency:
      _____

   h. Have the parties attempted to resolve the issues in this case through arbitration, mediation, or any other
      alternative for dispute resolution? ☐ Yes ☐ No If YES, provide program name and participation dates.
      _____
      _____

Signature *Yvonne Lewis*    Date March 10, 2023
Name of Counsel for Appellant/Petitioner _____
Address _____
E-Mail _____    Phone (____) _____    Fax (____) _____

## ATTACH A CERTIFICATE OF SERVICE
**Note:** If counsel for any other party believes that the information submitted is inaccurate or incomplete, counsel may so
advise the Clerk within 7 calendar days by letter, with copies to all other parties, specifically referring to the
challenged statement.